IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CITY PUBLIC SERVICE OF SAN ANTONIO,** | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 5:21-cv-798 |
| **SPECTRUM GULF COAST LLC,** | | |
| Defendant. | | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Spectrum Gulf Coast LLC, ("Spectrum"), provides notice of removal of this civil action now pending in the 225th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, with full reservation of any and all rights, defenses, and objections. Spectrum offers the following short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

# I.
# BACKGROUND

1. On January 14, 2021, Plaintiff City Public Service of San Antonio ("CPS Energy") filed "civil theft" counterclaims against Spectrum in the 225th Judicial District Court of Bexar County, Texas, in the case captioned *Spectrum Gulf Coast LLC v. City Public Service of San Antonio*, Cause No. 2008-CI-21150. CPS Energy's Fourth Am. Counterclaim ("Counterclaims") (attached as Exh. D).

2. CPS Energy distributes unmetered electricity to approximately 3,426 of Spectrum's power supplies located in San Antonio. In its Counterclaims, CPS Energy alleges

Spectrum committed theft of electric service in violation of the Texas Theft Liability Act ("TTLA") because Spectrum *may have* consumed more unmetered electricity than the assumed consumption rate in the parties' fixed, monthly per location fee arrangement that has existed since the late 1970s.  *See* Counterclaims ¶¶ 39-50.  Specifically, CPS Energy asserts causes of action for (1) "Violation of the Texas Penal Code and Civil Liability under the Texas Theft Liability Act"; (2) Application for Declaratory Judgment Regarding Continuing and Future Violations of Texas Penal Code and Texas Theft Liability Act"; and (3) Recovery of Attorneys' Fees and Costs (collectively "CPS Energy's Theft Claims").  *Id*. ¶¶ 39-50, 58-59.

3. As pleaded, "CPS Energy seeks to recover (a) the aggregate value of the unpaid electric service Spectrum . . . diverted; (b) $1,000 per diversion; and (c) attorneys' fees and court costs."  *Id*. ¶ 44.  CPS Energy also seeks pre- and post-judgment interest, in addition to equitable relief.  *Id*. at 21 ("Prayer").  These amounts would be well in excess of $75,000 given it is undisputed that Spectrum has 3,426 unmetered power supply locations, and CPS Energy's *monthly*, charges to Spectrum for use of the unmetered electric service at issue each are over $200,000.  In its Counterclaims, CPS Energy also sought "monetary relief over $1,000,000."  *Id*. ¶ 4.

4. Spectrum received a copy of CPS Energy's Theft Claims when they were filed with the Bexar County District Court on January 14, 2021 and served on Spectrum by CPS Energy.

5. But when they were filed on January 14, 2021, CPS Energy's Theft Claims – at the time, *counterclaims* against then *Plaintiff* Spectrum – were added to a litigation involving entirely separate counterclaims by CPS Energy (and also affirmative claims by Spectrum) that had been pending before the Bexar County District Court since 2008.  *See* Exh. C (State Court

Action Docket Transactions Sheets). Given that, at the time CPS Energy's Theft Claims were filed, Spectrum was still a plaintiff (and counterclaim-defendant), and because the rest of the claims and counterclaims in the litigation to which CPS Energy's Theft Claims were tethered were not removable, CPS Energy's Theft Claims were not then removable. *See* 28 U.S.C. §§ 1441(a) & 1446(c)(1).[1]

6. On February 12, 2021, Spectrum filed an answer and affirmative defenses to all of CPS Energy's counterclaims, including CPS Energy's Theft Claims, as well as a request for attorneys' fees and costs. *See* Exh. E.

7. On July 27, 2021, upon motion by CPS Energy, the Bexar County District Court severed CPS Energy's Theft Claims and Spectrum's general denial, defenses, and request for attorneys' fees and costs, assigned the severed case a new docket number in the 225th Judicial District Court, and realigned the parties with the case caption, *City Public Service of San Antonio v. Spectrum Gulf Coast LLC*, Cause No. 2021-CI-15093. *See* Exhs. C & F.

8. Spectrum now removes this case to this Court on the basis of diversity jurisdiction.

---

[1] Because 28 U.S.C. § 1441(a) refers only to removal by "the defendants or defendants," courts have made clear that a plaintiff may not remove a case to federal court, even it is in the position of defendant regarding a counterclaim brought against it. *See, e.g.*, *Chicago, Rock Island & Peoria R.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-108 (1941); *In re Crystal Power Co., Ltd.*, 641 F.3d 82, 85 n.10 (5th Cir. 2011); *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982); *Meley v. Mesa Airlines, Inc.*, No. 1:21-CV-397-LY, 2021 WL 3620441, at *2 (W.D. Tex. Aug. 16, 2021); *84 Lumber Co. v. Sedano*, No. SA-09-CA-561-OG, 2009 WL 10698731, at *2 (W.D. Tex. Sept. 9, 2009); Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3730 (Rev. 4th ed.) (noting the "basic principle that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims").

## II.
## BASIS FOR REMOVAL (DIVERSITY)

9. Removal of this case under 28 U.S.C. §§ 1332(a)(1) and 1441(b) is proper based on this Court's diversity jurisdiction because the parties (and, as applicable, the parties' members) are citizens of different States and the amount in controversy exceeds $75,000.

10. ***Citizenship.*** Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." A political subdivision of a state is a citizen of that state for diversity jurisdiction purposes. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). And the "citizenship of a LLC is determined by the citizenship of all of its members." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

11. CPS Energy is a "municipally-owned utility," that is owned by the City of San Antonio, with its principal office in San Antonio Texas. Counterclaims ¶ 2; Tex. Util. Code § 11.003(11) (" 'Municipally owned utility' " means a utility owned, operated, and controlled by a municipality or by a nonprofit corporation the directors of which are appointed by one or more municipalities.").

12. Spectrum is a limited liability company and citizen of Delaware, New York, and Connecticut for diversity jurisdiction purposes. *See* Exh. G. It has one member, Time Warner Cable Enterprises, LLC. Time Warner Cable Enterprises, LLC's, ultimate incorporated entity members are incorporated in the States of Delaware and New York and have their principal places of business in the States of Connecticut and New York. Thus, neither Spectrum, nor its members, nor its members' members, are incorporated in, reside in, are citizens of, or have a

principal place of business in Texas. *See id*.  Therefore, complete diversity exists between the parties.

13.     ***Amount in Controversy.***  The amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332(a).  Although CPS Energy's Petition does not clearly allege an amount in controversy specifically for its theft of service claim, Spectrum may remove the Petition if the notice of removal includes only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see* 28 U.S.C. § 1446(c).  In considering the amount in controversy, the Court may use "a common sense approach to deciding whether Defendant" has established the requisite amount in controversy.  *Davalos v. Allstate Fire & Cas. Ins. Co.*, No. SA-20-CV-0576-JKP, 2021 WL 736266, at *3-4 (W.D. Tex. Feb. 25, 2021).

14.     While Spectrum disputes CPS Energy's claims and requested relief, Spectrum's good faith belief is CPS Energy has put more than $75,000 in controversy.  CPS Energy seeks to recover from Spectrum the value of allegedly "unpaid" unmetered electric service Spectrum has consumed, and seeks "***monetary relief over $1,000,000***."  Counterclaims ¶¶ 4 & 44 (emphasis added).  Specifically, given that for years, and continuing today, Spectrum has paid CPS Energy over $200,000 *each month* for the unmetered electric service at issue, that necessarily means CPS Energy is seeking above that amount.  That is even the more so, considering CPS Energy also seeks $1,000 "per diversion" under the TTLA, and Spectrum has 3,426 unmetered power supply locations.  *Id*.  CPS Energy also seek attorneys' fees, *id*. ¶¶ 58-59, which are considered part of the amount in controversy for purposes of assessing diversity jurisdiction.  *See White v. FCI U.S.A. Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins.*

*Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Accordingly, the amount in controversy far exceeds the jurisdictional minimum. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89.

15. Because complete diversity exists between the parties, and the amount in controversy exceeds the jurisdictional minimum, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### III.
### THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

16. ***Removal is Timely.*** Spectrum has filed this Notice of Removal under 28 U.S.C. § 1446 within one year of the commencement of CPS Energy's Theft Claims being severed and within 30 days after Spectrum received a copy of the operative pleading from which it may first be ascertained that the case (CPS Energy's Theft Claims) is one which has unequivocally become removable. *See* 28 U.S.C. § 1446(b)(3); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999); *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (holding information supporting removal must be "unequivocally clear and certain" to start the time limit running for notice of removal); *Williams v. Transcon. Ins. Co.*, No. SA-06-CV-0521-RF, 2006 WL 3062441, at *1-*3 (W.D. Tex. Oct. 23, 2006) (holding removal of severed counterclaims was timely when made within 30 days after it was "unequivocally clear and certain" counterclaims were removable).

17. As previously explained, it was only ascertainable that CPS Energy's Theft Claims were removable once they were severed on July 27, 2021, and thus turned into a separate case with CPS Energy (as plaintiff) and Spectrum (as a true defendant). *See supra* n. 1; *In re Crystal Power Co., Ltd.*, 641 F.3d 82, 85 n.10 (5th Cir. 2011) ("[W]hen a party voluntarily enters state-court litigation as a plaintiff, the subsequent filing of a counter-claim or cross-claim against it does not allow that party to invoke the right of removal conferred only on true defendants.");

*84 Lumber Co. v. Sedano*, No. SA-09-CA-561-OG, 2009 WL 10698731, at *2 (W.D. Tex. Sept. 9, 2009) ("[P]laintiff, in its capacity as a counter-defendant, may not remove a case to federal court.").

18. **Venue is Proper.** Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1391(b), because CPS Energy originally its theft counterclaims in the 225th Judicial District Court of Bexar County, Texas, and a substantial part of the alleged events and/or omissions giving rise to CPS Energy's claims occurred in this District. 28 U.S.C. § 124(d)(4).

19. **Consent.** There are no other named defendants whose consent would be required for removal.

20. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following materials:

| | | |
|---|---|---|
| | **Exhibit A** | Civil Cover Sheet; |
| | **Exhibit B** | Supplemental Civil Cover Sheet |
| | **Exhibit C** | State Court Action Docket Transactions Sheets |
| | **Exhibit D** | CPS Energy's Fourth Amended Counterclaim |
| | **Exhibit E** | Spectrum's Answer & Affirmative Defenses to CPS Energy's Fourth Amended Counterclaim & Request for Attorneys' Fees & Costs |
| | **Exhibit F** | July 21, 2021 Motion to Sever and Abate CPS Energy's Theft Claims & Defenses (Exh. F-1)<br><br>July 27, 2021 Order Granting Agreed Motion to Sever (Exh. F-2) |
| | **Exhibit G** | Spectrum's Jurisdictional Statement |

21. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed with the Clerk of the 225th Judicial District Court of Bexar County, Texas,

in the state-court action, and Spectrum will promptly serve this Notice of Removal on CPS Energy.

## IV.
## CONCLUSION

For the foregoing reasons, Spectrum requests this Court to remove this matter pursuant to 28 U.S.C. § 1441 and to proceed as if the CPS Energy's theft claims had been originally filed in the United States District Court for the Western District of Texas.

Dated:  August 26, 2021    Respectfully Submitted,

/s/  Amanda L. Cottrell
Amanda L. Cottrell (Texas Bar No. 24064972)
Steven G. Gersten (Texas Bar No. 24087579)*
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Tel. (469) 391-7400
Fax (469) 391-7401
acottrell@sheppardmullin.com
sgersten@sheppardmullin.com

*W.D. Texas admission pending

J. D. Thomas*
Paul A. Werner*
Abraham J. Shanedling*
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006-6801
Tel. (202) 747-1931
Fax (202) 747-3817
dthomas@sheppardmullin.com
pwerner@sheppardmullin.com
ashanedling@sheppardmullin.com

*Pro hac vice* application to be filed

**Attorneys for Defendant Spectrum Gulf Coast LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 26, 2021 a true and correct copy of the foregoing document was served on the following counsel of record as shown below:

<u>CERTIFIED MAIL-RETURN RECEIPT</u>
David F. Brown
David P. Blanke
Sherwin Faridifar
Janet M. Himmel
EWELL, BROWN, BLANKE & KNIGHT LLP
111 Congress Avenue, 28th Floor
Austin, Texas 78701
512.770.4077
877.851.6384 (fax)
dbrown@ebbklaw.com
dblanke@ebbklaw.com
sfaridifar@ebbklaw.com
jhimmel@ebbklaw.com

*/s/Amanda L. Cottrell*
Amanda L. Cottrell